IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41014 |
| | ) | |
| THOMAS ALLEN CAHOON, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 14, 20, 25 |

### ORDER

Hearing was held in Lincoln, Nebraska, on September 6, 2006, regarding Filing No. 14, Motion to Extend Automatic Stay, filed by the debtor, Filing No. 20, Objection, filed by Henry and Karen Hart and Richard Roberts; and Filing No. 25, Objection, filed by A. Lee Schlichtemeier. John T. Turco appeared for the debtor, R.J. Shortridge appeared for Henry and Karen Hart and Richard Roberts, and Victor Covalt appeared for A. Lee Schlichtemeier.

The debtor was previously in a Chapter 13 case filed in 2004. Although he paid a significant amount to the trustee during the pendency of that case, in the spring of 2006 he was unable to keep his payments current and the case was dismissed. Prior to and during that case, he failed to make payments on the property tax obligation related to his residential real estate. In addition, during the case, he allowed his property insurance to expire and the improvements on the real estate were damaged or destroyed by fire.

The creditors with a lien represented by a deed of trust on the property scheduled the property for deed of trust sale and on the day prior to the sale, the debtor filed this Chapter 13 case.

The Bankruptcy Code, as amended in 2005, provides at 11 U.S.C. § 362(c)(3)(A) that the automatic stay terminates on the 30th day following the petition date if the debtor was in a case during the preceding one-year period but that case was dismissed.

Subsection (c)(3)(B) permits the court to extend the automatic stay upon request of a party in interest if it has demonstrated that the filing of the later case is in good faith as to the creditors to be stayed.

The debtor filed such a request and hearing was held. The debtor has presented evidence that he believes his business will generate sufficient funds to enable him to comply with the terms of the plan which he has recently filed. That plan deals with the trust deed creditors over a sixty-month period. There is no evidence that the debtor has significant equity in the property. The debtor suggests that he owes the real estate creditors approximately half of what they claim he owes. If he is correct, he has plenty of equity in the property.

I do not find that the filing of this case is in good faith as to the real estate creditors. The debtor did not keep the property insured and suffered a significant monetary loss from the fire. The debtor could not keep payments current and the case was dismissed. It was refiled on the day before a foreclosure action was scheduled. There is a dispute between the debtor and the real estate creditors concerning the amount he stills owes them. That dispute can be dealt with in state court, even though the creditors can proceed with a non-judicial foreclosure. State courts are frequently asked to enjoin non-judicial foreclosure sales pending the determination of the actual default or the amount due.

The automatic stay of § 362(a) will expire on the 30th day following the petition date.

SO ORDERED.

DATED this 7th day of September 2006.

               BY THE COURT:

               /s/ Timothy J. Mahoney
               Chief Judge

Notice given by the Court to:
 *John T. Turco
 R.J. Shortridge
 Victor Covalt
 Kathleen Laughlin
 U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.